## PEOPLE v. GILMORE.

### Cr. No. 365; June 27, 1898.

#### 53 Pac. 806.

**Criminal Law—Intoxication as a Defense.**—Under Penal Code, section 22, providing that, whenever the existence of any particular motive is necessary to constitute any particular crime, the jury may consider the fact that the accused was intoxicated at the time in determining his motive, a jury is warranted in holding accused responsible for a robbery committed while intoxicated, which he confessed to when in full possession of his faculties.

**Criminal Law—Intoxication as Defense.**—No Prejudicial Injury results from sustaining an objection to a proper question on cross-examination as to the manner of accused when intoxicated, where, by other questions to the same witness, the information sought is elicited, and the witness further testifies that accused was not intoxicated the day after the commission of the crime, when he confessed having committed it.

**Criminal Law—Intent—Reasonable Doubt.**—An Instruction concerning intent, as an element in the commission of crime, is not objectionable because it omits to state that a conclusion adverse to defendant must be one that does not admit of a reasonable doubt, where the jury were elsewhere fully instructed as to the doctrine of reasonable doubt.

APPEAL from Superior Court, Tuolumne County.

S. A. Gilmore was convicted of burglary, and appeals. Affirmed.

J. H. Daly and E. A. Rodgers for appellant; Attorney General Fitzgerald for the people.

CHIPMAN, C.—Defendant was convicted of the crime of burglary in the first degree and was sentenced to four years' imprisonment at San Quentin. He appeals from the judgment of conviction and from the order denying motion for a new trial.

1. It is claimed by defendant that the verdict is not supported by the evidence, because (1) it was inadequate to convict; and (2) the evidence introduced showed the defendant incapable of committing the crime. The contention is that the evidence showed that defendant, by reason of his intoxicated condition, was incapable of forming a guilty intent, and that there was not a single circumstance corroborative of his confession. Section 22 of the Penal Code is as follows: "No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act." The evidence tended to show that defendant was in full possession of his faculties when he made his uncontradicted confession. In it he told where some of the stolen property could be found, and it was found there. He furnished a key to the barn in which the property was found, and remarked (which is not denied), when handing it to the officer, "It may be of use to you," and it was found useful. His confession was therefore in some substantial degree corroborated by circumstances and facts. While the evidence tended to show that defendant was "crazy drunk" during Monday, and talked in an incoherent and wild sort of way, even claiming that he was "Dunham," the hunted murderer, and while it appeared that when drunk he was in the habit of talking in an irresponsible and reckless manner, it also appeared that when sober "he was a square, straight man," and that, in fact, when he made the confession "he talked as rational as any man." The jury might well conclude that if he was so drunk as to be incapable of a criminal intent when he committed the act, he could not have remembered such details the next morning as he gave of the robbery; and so might the jury refuse to attribute to mere coincidence the fact that his story told at 11 o'clock the next

morning turned out to contain circumstances which no person in a condition of maudlin drunkenness or irresponsibility would have been at all likely to remember. We cannot say that the jury were not warranted in holding the defendant responsible for the part he took in the robbery.

2. On cross-examination the witness Jackson was asked the following question by defendant's attorney: "Q. You have seen him [defendant] around there [referring to witness' saloon] a great deal when under the influence of liquor. What was his manner and talk?" The question was objected to, and the objection was sustained on the ground that it was too general. We think the question was a proper one, but the subsequent answers of the witness show that counsel for defendant drew out the facts he desired, and it also appeared from this witness' testimony that defendant was not drunk the day after the burglary, and did not talk like a drunken man. We cannot see that any prejudicial injury resulted from the ruling of the court.

3. We see no error in the instruction complained of. It reads: "In every crime or public offense there must exist a union or joint operation of act and intent or criminal negligence. The essence of every crime is criminal intent, without which the offense cannot be committed. It is the intent with which an act is done that constitutes its criminality. The act and criminal intent must concur to constitute the crime. The intent or intention is manifested by the circumstances connected with the offense, and the sound mind and discretion of the accused. . . . . As to the intent or intention, you must arrive at it from all the testimony in the case, and all the acts, conduct, or circumstances shown in the case." The objection is that the latter part of the instruction commanded the jury to arrive at a conclusion as to the intent; that there was no warning given that, if adverse to the defendant, the conclusion reached must be one which does not admit of reasonable doubt. The jury were elsewhere fully instructed as to the doctrine of reasonable doubt, and also that "where two conclusions can be drawn from a single circumstance, one tending to establish guilt and the other tending toward the innocence of the accused, the law makes it your duty to accept the conclusion tending toward innocence rather than the one tending toward guilt." These were asked by and given for defendant, and we think fully informed the

jury as to how the evidence should be applied.   We discover no error, and recommend that the judgment and order be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.